1  CENTER FOR DISABILITY ACCESS
   RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
2  RayBallister@CDA4Access.com
   MARK D. POTTER, ESQ., SBN 166317
3  mark@potterhandy.com
   9845 Erma Road, Suite 300
4  San Diego, CA 92131
   Phone: (858) 375-7385
5  Fax: (888) 422-5191
   Attorney for Plaintiff,
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  RAFAEL ARROYO, JR.,                    )  Case No.:  CV10 7814 CAS SSx
                                           )
12              Plaintiff,                 )  **COMPLAINT FOR DAMAGES AND
                                           )  INJUNCTIVE RELIEF FOR
13  v.                                     )  VIOLATIONS OF:** AMERICAN'S
                                           )  WITH DISABILITIES ACT; UNRUH
14  RAYMOND SVELA, TRUSTEE SVELA           )  CIVIL RIGHTS ACT; CALIFORNIA
    TRUST; A. MYRL SVELA, TRUSTEE          )  DISABLED PERSONS ACT;
15  SVELA TRUST; GAGE BOWL, INC., A        )  NEGLIGENCE
    California Corporation; and DOES 1     )
16  through 10, inclusive,                 )  **DEMAND FOR JURY**
                                           )
17              Defendants.                )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20  _____ )

21      Plaintiff RAFAEL ARROYO, JR. complains of Defendants RAYMOND

22  SVELA, TRUSTEE SVELA TRUST; A. MYRL SVELA, TRUSTEE SVELA TRUST;

23  GAGE BOWL, INC., A California Corporation; and DOES 1 through 10, inclusive,

24  (hereinafter referred to as "Defendants") and alleges as follows:

25  **INTRODUCTION:**

26      **1.** This is a Civil Rights action for discrimination against persons with physical

27  disabilities, of which Plaintiff is a member of said class, for violation of the Americans

28  with Disabilities Act and related state laws addressing the defendants' denial of

                                -1-
                              Complaint

1  participation in and provision of an unequal benefit of the services to patrons with
2  disabilities. Plaintiff seeks injunctive relief and damages for violations of civil rights
3  and for damages flowing from such violations.

4  **PARTIES:**

5      **2.** Plaintiff is a California resident with physical disabilities.  He is a paraplegic,
6  who cannot walk, and requires a wheelchair for mobility.

7      **3.** Defendants are or were at the time of the incident the owners and operators
8  and/or lessors and lessees of the bowling alley called Gage Bowl located at or about
9  3477 E. Gage Ave, Huntington Park, California.

10     **4.** Plaintiff does not know the true names of Defendants, their business
11  capacities, their ownership connection to the property and business, or their relative
12  responsibilities in causing the access violations herein complained of, and alleges a
13  joint venture and common enterprise by all such Defendants.  Plaintiff is informed and
14  believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is
15  responsible in some capacity for the events herein alleged, or is a necessary party for
16  obtaining appropriate relief. Plaintiff will seek leave to amend when the true names,
17  capacities, connections, and responsibilities of the Defendants and DOES 1 through 10,
18  inclusive, are ascertained

19  **JURISDICTION:**

20     **5.** This Court has subject matter jurisdiction over this action pursuant to 28
21  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
22  Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

23     **6.** Pursuant to pendant jurisdiction, an attendant and related cause of action,
24  arising from the same nucleus of operative facts and arising out of the same
25  transactions, is also brought under California's Unruh Civil Rights Act, and the
26  California Disabled Persons Act, which acts expressly incorporate the Americans with
27  Disabilities Act.

28     **7.** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded

-2-

Complaint

1   on the fact that the real property which is the subject of this action is located in this
2   district and that Plaintiff's cause of action arose in this district.

3   **FACTUAL ALLEGATIONS:**

4   **8.** The plaintiff has bowled many times at the Gage Bowl.  Most recently, in or
5   about July of 2010, the plaintiff went and bowled at the Gage Bowl with his children
6   and his brother.  The Gage Bowl is a facility open to the public, a place of public
7   accommodation, and a business establishment.

8   **9.** Unfortunately, the restroom at the Gage Bowl presents barriers to persons in
9   wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines
10  ("ADAAG") and Title 24 of the California Code of Regulations.  First, there is not a
11  single handicap stall.  Not a single one of the three toilet stalls have any grab bars.
12  Moreover, the stall entrances measure only 23.5 inches in width.  The seat covers are
13  mounted 60 inches above the floor and behind the toilet stall.   And the stall
14  configuration (size and clearance) itself is not compliant.  This restroom is thoroughly
15  and completely inaccessible to wheelchair users.   The plaintiff has complained
16  repeatedly about the restroom inaccessibility and been told that there is nothing that can
17  or will be done.

18  **10.** Additionally, the parking is unlawful.  There are 80 parking spaces but only
19  three handicap parking spaces.  And the parking spaces do not have the required access
20  aisles.   There needs to be an additional parking space installed and the existing
21  handicap parking spaces need to be brought into compliance with the law.

22  **11.** Plaintiff was frustrated, angry and/or vexed as a result of encountering
23  unlawful conditions, violations of his civil rights, and the lack of safe, convenient and
24  accessible facilities.  Although these injuries are modest in scope and did not result in
25  any loss of wages or economic damage or medical care or attention, the continued
26  violation of Plaintiff's civil rights by these defendants and the highly unpleasant
27  emotional distress caused by such unlawful treatment is attributable to the actions or
28  inactions of the Defendants.

Complaint

12. Plaintiff would like to return and patronize the Defendants' bowling alley but because of Plaintiff's knowledge of the existence of the inaccessible restroom conditions, the Plaintiff is unable to use it on a "full and equal" basis until the restroom is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein.

**I.     FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

13. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

14. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the lack of accessible restroom facilities is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**II.     SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

15. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

16. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines

-4-

Complaint

1  ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
2  Building Code"); and (2) remove all existing barriers where such removal is "readily
3  achievable." The Defendants have failed to meet these obligations. The existence of
4  readily achievably removed barriers and barriers in violation of the ADAAG and/or
5  California Building Code, including, but not limited to, the lack of accessible restroom
6  facilities is unlawful is unlawful and has resulted in the Defendants' failure to provide
7  full and equal accommodations, advantages, facilities, privileges and/or services to the
8  Plaintiff.

9  **III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA
   DISABLED PERSONS ACT (On behalf of Plaintiff and Against All
10  Defendants) (Cal Civ § 54-54.8)

11       **17.** Plaintiff repleads and incorporates by reference, as if fully set forth again
12  herein, the allegations contained in all prior paragraphs of this complaint.

13       **18.** The Defendants are persons who either own, operate, lease or lease to a place
14  of public accommodation or a facility open to the public. As such, the Defendants are
15  required to (1) ensure that all construction, alteration, or modification is barrier free and
16  complies with the Americans with Disabilities Act Accessibility Guidelines
17  ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
18  Building Code"); and (2) remove all existing barriers where such removal is "readily
19  achievable." The Defendants have failed to meet these obligations. The existence of
20  readily achievably removed barriers and barriers in violation of the ADAAG and/or
21  California Building Code, including, but not limited to, the lack of accessible restroom
22  facilities is unlawful and has resulted in the Defendants' failure to provide full and
23  equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

24  **IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and
   Against All Defendants)

25       **19.** Plaintiff repleads and incorporates by reference, as if fully set forth again
26  herein, the allegations contained in all prior paragraphs of this complaint.

27       **20.** The Defendants had a general duty and a duty arising under the Americans
28

-5-

Complaint

1  with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons
2  Act to provide safe, convenient, and accessible facilities to the Plaintiff.  Their breach
3  of this duty, as alleged in the preceding paragraphs, has caused injury and damage as
4  alleged above.
5  **PRAYER:**
6      Wherefore, Plaintiff prays that this court award damages and provide relief as
7  follows:
8      **1.**  For injunctive relief, compelling Defendants to comply with the Americans
9  with Disabilities Act and the Unruh Civil Rights Act.  **Note**:  the Plaintiff is not
10  invoking section 55 of the California Civil Code and is not seeking injunctive relief
11  under the Disabled Persons Act at all.
12      **2.** Damages under the Unruh Civil Rights Act and/or the California Disabled
13  Persons Act which damages provide for actual damages and a statutory minimum of
14  $4,000.
15      **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to
16  42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.
17
18  Dated: October 14, 2010            CENTER FOR DISABILITY ACCESS
19
20                          By:_____
21                              RAYMOND G. BALLISTER, JR.
                                Attorneys for Plaintiff
22
                      **DEMAND FOR JURY TRIAL**
23      Plaintiff hereby demands a jury for all claims for which a jury is permitted.
24
25  Dated: October 14, 2010            CENTER FOR DISABILITY ACCESS
26
27                          By:_____
28                              RAYMOND G. BALLISTER, JR.
                                Attorneys for Plaintiff

-6-

Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 7814 CAS (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## Central District of California

RAFAEL ARROYO, JR.

**SUMMONS IN A CIVIL CASE**

V.

RAYMOND SVELA, TRUSTEE SVELA
TRUST; A. MYRL SVELA, TRUSTEE
SVELA TRUST; GAGE BOWL, INC., A
California Corporation; and DOES 1
through 10, inclusive,

CASE NUMBER:

# CV10 7814 CAS SSx

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR. / MARK D. POTTER
9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385 Fax: (888) 422-5191

an answer to the complaint which is served on you with this summons, within _____21_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

*Jerry Najisi*

OCT 19 2010

| CLERK | DATE |
|---|---|
| CHRISTOPHER POWERS | |
| (By) DEPUTY CLERK | |



**ORIGINAL**

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
           Date                     *Signature of Server*

                                123 ANY STREET

                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.