JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Rafael Arroyo, Jr., <br><br>          Plaintiff, <br><br>vs. <br><br>Raymond Svela; A. Myrl Svela; and Gage Bowl, Inc.; <br><br>          Defendants. | Case No. CV 10-7814 CAS (SSx) <br><br>**ORDER ENTERING JUDGMENT IN FAVOR OF PLAINTIFF FOLLOWING BENCH TRIAL** |

## I.   FINDINGS OF FACT

1.   Plaintiff Rafael Arroyo, Jr. Is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.   Defendants Raymond Svela and A. Myrl Svela are the lessors to Gage Bowl, Inc. for the property located at 3477 E. Gage Avenue, Huntington Park, California.

3.   Defendant Gage Bowl, Inc. operates the Gage Bowl bowling alley located at 2477 E. Gage Avenue, Huntington Park, California.

4.   Plaintiff Arroyo lives approximately 5 miles from Gage Bowl.

5. Plaintiff Arroyo has bowled at Gage Bowl on numerous occasions over the past 15 years, including once in May 2010 and once in July 2010.

6. Gage Bowl has a parking lot containing between 75 and 100 parking spaces.

7. Four of the parking spaces at Gage Bowl are marked as reserved for use by persons with disabilities.

8. Three of the four handicap parking spaces do not have access aisles next to those handicap parking stalls.

9. There are two restrooms available to male customers at Gage Bowl: (1) a multiple accommodation men's restroom, and (2) a single accommodation unisex restroom.

10. The men's restroom is open to the public.

11. The unisex restroom is kept locked and persons with disabilities must contact the management of Gage Bowl for access.

12. None of the stalls in the men's restroom provides 32 inches of clear doorway passage.

13. None of the toilets in the men's restroom has any grab bars mounted on the walls adjacent to the toilet.

14. During plaintiff's visits to Gage Bowl in 2010, there was no signage at the men's restroom directing wheelchair users to the location of the accessible unisex restroom.

15. During plaintiff's visits to Gage Bowl in 2010, he used the men's restroom and was unable fully to fit in the toilet stalls and, to his frustration and embarrassment, was exposed to the public while using his catheter.

16. Defendants have withdrawn their affirmative defense that removing barriers to access at Gage Bowl is not readily achievable.

17. Plaintiff has been deterred from return to and bowling at Gage Bowl due to

his knowledge of the inaccessible men's restroom and has not returned since his July 2010 visit.

## II. CONCLUSIONS OF LAW

1. Plaintiff Rafael Arroyo qualifies as a person with a disability under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").

2. Gage Bowl is a place of public accommodation under the ADA and is a business establishment under the Unruh Act. See 42 U.S.C. § 12181(7)(L); Cal. Civ. Code § 51(b).

3. As owners, lessors, lessees, or business operators of Gage Bowl, defendants Raymond and A. Myrl Svela and Gage Bowl, Inc. are responsible parties and required to comply with the antidiscrimination provisions of Title III of the ADA. See 42 U.S.C. § 12182(a).

4. It is an act of discrimination under the ADA to fail to remove architectural barriers unless such removal is not readily achievable. See 42 U.S.C. § 12182(b)(2)(A)(iv)–(v). "If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." Rush v. Denco Enters., Inc., --- F. Supp. 2d ---, 2012 WL 1423584, at *3 (C.D. Cal. April 24, 2012).

5. Under the ADAAG, an accessible parking space must have an access aisle, measuring at least five feet in width. See ADAAG § 4.1.2(5)(a). In addition, no less than one accessible space must contain an access aisle measuring 96 inches in width. Id. § 4.1.2(5)(b); 4.6.3. Here, defendants' failure to provide access aisles for three of the four handicap parking stalls presents a barrier to full and equal access for disabled persons.

6. Under the ADAAG, if there is more than one toilet facility or restroom on site, then each such restroom must be accessible to wheelchair users. See ADAAG § 4.1.2(6). To comply with the ADAAG, restroom that includes toilet stalls must

include a stall with a 32 inch entrance and grab bars mounted on the walls adjacent to the toilet.  Id. §§ 4.23.4; 4.17.3; 4.17.6.  Defendants' failure to provide any accessible toilet stalls in the men's restroom is therefore a barrier to full and equal access.

7.  Under the ADA, accessible doors must be unlocked when the place of public accommodation is open for business.  See ADA Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities, § III-7000.  Defendants' practice of keeping the unisex restroom locked during business hours is therefore a violation of the ADA.

8.  An assertion that a barrier is not "readily achievable" to remove is an affirmative defense and may be waived, as defendants have done in this case.  Wilson v. Haria and Gorgi Corp., 479 F. Supp. 2d 1127, 1134 (E.D. Cal. 2007) ("[D]efendant waived its ability to make this argument when it failed to plead that the barrier removal was not 'readily achievable' as an affirmative defense.").  In such circumstances, plaintiff need "not come forward with any evidence regarding barrier removal."  Id. at 1133 n.7.  Accordingly, the fact that defendants failed to remove barriers at Gage Bowl violates the ADA.

9.  Plaintiff has standing to seek remedial relief under the ADA and to require defendants to comply with the ADA.  42 U.S.C. § 12188(a)(1)–(2).  Because plaintiff personally encountered at least one barrier to access at Gage Bowl, he has standing to challenge all barriers to access.  See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1044 (9th Cir. 2008).

10.  A violation of the rights of a person with a disability under the ADA is a *per se* violation of the Unruh Act.  See Cal. Civ. Code § 51(f).

11.  To recover statutory damages under the Unruh Act, a plaintiff must have been denied "full and equal access."  A plaintiff is so denied if he encounters the barrier on a particular occasion or if he is deterred from accessing a place of public accommodation and the violation is such that it results in difficulty, discomfort, or

embarrassment.  Cal. Civ. Code § 55.56(a), (b), (c).  Here, plaintiff was denied full and equal access when he encountered barriers to access at Gage Bowl and subsequently felt deterred from returning to the venue due to his knowledge of the continued barriers and the embarrassment he suffered as a patron.

12. Plaintiff is therefore entitled to a statutory award of $4,000 pursuant to Cal. Civ. Code § 52(a).

13. Defendants are ordered to alter Gage Bowl's facilities to accommodate individuals with disabilities to the extent required by the ADA.  See 42 U.S.C. § 12188(a)(2); Long v. Coast Resorts, Inc., 267 F.3d 918, 920–21 (9th Cir. 2001).  Specifically, defendants must ensure that Gage Bowl's premises contain four handicap accessible parking stalls in accordance with the following parameters: three of the stalls must contain access aisles that are no less than five feet (60 inches) in width, and the fourth stall must contain an access aisle that is no less than 96 inches in width.  See ADAAG §§ 4.1.2(5)(a); 4.1.2(5)(b).  Further, defendants must alter the men's restroom to include one wheelchair accessible stall.  That stall must contain a 32 inch entrance and grab bars mounted on the walls adjacent to the toilet.  Id. §§ 4.23.4; 4.17.3; 4.17.6.  Defendants shall have **ninety (90) days** to comply with this order.

IT IS SO ORDERED.

Dated: July 3, 2012

_Christina A. Snyder_
Christina A. Snyder
United States District Judge

5